**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo CAZARES–OZUNA,**
**a.k.a. Richard Martinez,**
**Defendant–Appellant.**

No. 12–10373.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2013.*

Filed June 21, 2013.

Nirav Kaushik Desai, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Michael Petrik, Jr., Assistant Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Ricardo Cazares–Ozuna appeals from the district court's judgment and challenges the 57–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cazares–Ozuna contends that the district court procedurally erred by "mechanically" imposing a Guidelines sentence and by failing to provide reasons as to why he was a danger to the community. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record shows the district court understood that the Guidelines are advisory and adequately explained the sentence.

Cazares–Ozuna also contends that the district court abused its discretion by failing to depart or vary downward on the basis of his cultural assimilation. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Ellis,* 641 F.3d 411, 421–22 (9th Cir.2011). The district court did not abuse its discretion in imposing Cazares–Ozuna's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the bottom of the advisory Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Cazares–Ozuna's dangerousness to the com-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

munity. *See* U.S.S.G. § 2L1.2 cmt. n. 8; *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.